IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE RIBBON COMMODITY TRADERS, INC., | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 07-4037 |
| QUALITY FOODS DISTRIBUTORS, | |
| Defendant. | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **DECEMBER 11, 2007**

  Presently before the Court is Defendant Quality Food Distributor, Inc.'s ("Quality Food") Motion to Set Aside Order of Default and Default Judgment entered against it for failure to respond to Plaintiff Blue Ribbon Commodity Traders, Inc.'s ("Blue Ribbon") Complaint.  For the reasons set forth below, Quality Food's Motion will be granted.

**I.      BACKGROUND**

  On September 26, 2007, Blue Ribbon filed a Complaint in this Court against Quality Food seeking $164,981.46 for food products allegedly sold to Quality Food between July 7, 2005 and November 20, 2006.  On October 11, 2007, Quality Food filed a Motion for Special Appearance, a Motion Requesting Extension of Time to Answer the Complaint, and a Request for Transfer of Venue.  This Court entered an Order striking Quality Food's Motion for failure to associate with local counsel in accordance with Local Rule of Civil Procedure 83.5.2(b) on October 24, 2007.  Following notice of the Court's Order, Quality Food began searching out local counsel, and retained Mr. William J. Riley, as local counsel, on October 31, 2007.  On

November 1, 2007, Mr. Riley called counsel for Blue Ribbon and left a voice message. It is undisputed that Mr. Riley both called counsel for Blue Ribbon and that he left a message; however, the substance of the message is in dispute. Following this phone call, neither party contacted the other, as Mr. Riley was waiting for a return phone call from Blue Ribbon's counsel, and counsel for Blue Ribbon interpreted Mr. Riley's message as not requiring a response. On October 29, 2007, Blue Ribbon filed a Request for Entry of Default and Default Judgment based on Quality Food's failure to answer its Complaint. That request sought judgment against Quality Food in the amount of $164, 981.46. This Court entered an order granting judgment in Blue Ribbon's favor in the amount of $164, 981.46 with costs. Quality Food was served with a copy of the Default Judgment on October 30, 2007. Quality Food now requests this Court to set aside the Order of Default and the Default Judgment against it.

**II.     LEGAL STANDARD**

Rule 55(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) states, in pertinent part: "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Fed. R. Civ. P. 60(b)(1). The Court has broad discretion in deciding whether to set aside a default judgment. Momah, M.D. v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995). In general, defaults are not favored because the interests of justice are best served by reaching a decision on the merits. Id. The Third Circuit has explicitly stated it "does not favor default judgments and in a close case, doubts should be resolved in favor of

setting aside the default and reaching the merits." Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987). Thus, motions to set aside default judgments are construed in favor of the movant. Brokerage Concepts, Inc., v. Nelson Med. Group, No. 99-5214, 2000 U.S. Dist. LEXIS 2848, at *1 (E.D. Pa. Mar. 15, 2000).

### III. DISCUSSION

The Third Circuit has articulated a four-part test that courts must consider in deciding whether to set aside a default judgment. The Court must consider: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of defendant's culpable conduct; and (4) whether alternative sanctions would be effective. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

**A. Prejudice to Blue Ribbon**

A plaintiff can be said to be prejudiced by the setting aside of a default judgment when "plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." Dizzley v. Friends Rehab. Program, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001). Blue Ribbon argues that allowing this suit to proceed creates a greater potential for prejudice, i.e., the greater potential that evidence will be lost, greater possibility for fraud, etc. (Pl.'s Resp. To Def.'s Mot. To Set Aside Default at 8). It further asserts that it will be especially prejudiced because Quality Food's "game plan" is to contest venue, thereby further delaying the proceedings. (Pl.'s Resp. To Def.'s Mot. To Set Aside Default at 8). However, as discussed in Natasha C. v. Visionquest Ltd., "this type of speculative fear of loss of evidence does not suffice to display

prejudice." No. 03-1903, 2003 U.S. Dist. LEXIS 14631, at *8 (E.D. Pa. Aug. 26, 2003). The fact that Blue Ribbon will have to go forward with the merits of its case rather than simply obtaining a default judgment does not constitute prejudice. Cassell v. Philadelphia Maint. Co., 198 F.R.D. 67, 69 (E.D. Pa. 2000). Furthermore, "[d]elay in realizing satisfaction on a claim rarely constitutes prejudice sufficient to prevent relief." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982).

Here, Quality Food filed its Motion to Set Aside Default just one week after the entry of default judgment in Blue Ribbon's favor. The Court finds that Blue Ribbon will suffer no prejudice by the one-week delay in this case, as courts have set aside default judgments after much more significant delays. See, e.g., Dizzley, 202 F.R.D. at 147-48 (holding three-month delay did not prejudice plaintiff); Natasha C., 2003 U.S. Dist. LEXIS 14631, at *9 (holding two-month delay did not establish prejudice). Not only is there nothing to suggest that any evidence was lost during this one-week period, but there is also no reason to believe that Blue Ribbon relied on the entry of default, or that any increased possibility of fraud resulted from the delay. Accordingly, the Court finds that Blue Ribbon was not prejudiced by the one-week delay in litigating its case.

**B. Meritorious Defense**

The next factor the Court must consider is whether Quality Food has presented a meritorious defense. "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Quality Food need not "prove beyond a shadow of a doubt that [it] will win at trial." Emcasco, 834 F.2d at 74. Rather, it is enough for Quality Food to show that its defense is not "facially unmeritorious." Id.

(quoting Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123 (3d Cir. 1983)). Nonetheless, it is not enough for a defendant to allege only "simple denials or conclusory statements." $55,510.05 in U.S. Currency, 728 F.2d at 195.

Blue Ribbon contends that Quality Food has not met its burden in establishing a meritorious defense because it has only stated that it "disputes" Blue Ribbon's claims and has not produced any documentation to disprove Blue Ribbon's contentions. (Pl.'s Resp. To Def.'s Mot. To Set Aside Default at 7). Blue Ribbon contends that these responses amount to simple, general denials and are not specific enough to form a meritorious defense. However, Quality Food's Motion asserts two specific defenses to the default judgment entered against it. First, Quality Food asserts the defense of improper venue and states that it intends to file a motion to dismiss or to transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Secondly, Quality Food asserts that it has already paid the invoices that Blue Ribbon alleges still remain unpaid. The Court finds that these responses are enough to establish a meritorious defense for purposes of setting aside a default judgment. As noted above, Quality Food is not required to prove its case at this stage. It must only allege facts that, if later proven, would constitute a defense. Here, if Quality Food can later prove either that venue is improper or that it has already paid the invoices that are bases for Blue Ribbon's Complaint, "the defenses could well defeat Plaintiff's claims." Moark v. Yardley Farms, LLC., No. 06-1362, 2006 WL 1582325, at *1 (E.D. Pa. June 2, 2006).

**C. Culpable Conduct**

Rule 60(b)(1) allows a court to set aside a default judgment for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court must therefore decide whether Quality Food's failure to respond to the Complaint amounted to culpable conduct or

excusable neglect. "Culpable conduct means actions taken willfully or in bad faith." Gross, 700 F.2d at 123-24. Culpable conduct can be inferred when a defendant exhibits "reckless disregard for repeated communications from either the plaintiff or the Court." Kauffman v. Cal Spas, 37 F. Supp. 2d 402, 405 (E.D. Pa. 1999).

Quality Food argues that its conduct does not rise to the level of culpable conduct, but instead constitutes only excusable neglect. While counsel for Quality Food should have been both more diligent and more proactive in familiarizing himself with the local rules, there is no evidence to suggest that counsel purposely ignored the rules for the purpose of delaying the proceedings, or that counsel repeatedly ignored communications from the Court or from Blue Ribbon. See Natasha C., 2003 U.S. Dist. LEXIS 14631, at *14-15. Furthermore, "[e]ven where neglect is inexcusable, and where the Court cannot condone a defendant's failure to respond to a lawsuit for an extended period of time, culpable conduct warranting the refusal to set aside default must rise to the level of 'flagrant bad faith,' and 'callous disregard of responsibility.' " Griffen v. Alpha Phi Alpha, Inc., No. 06-1735, 2006 WL 3302438, at *4 (E.D. Pa. Nov. 9, 2006). Here, counsel's failure to respond to the Complaint shows a lack of diligence in learning the local rules, but it does not rise to the level of culpable conduct that would warrant denying defendant's Motion to Set Aside Default.

**D. Alternative Sanctions**

Finally, the Court must consider the appropriateness of alternative sanctions. "[P]unitive sanctions are inappropriate absent evidence of bad faith or willful misconduct, or where the defendant sets forth a meritorious defense." Royal Ins. Co. Of Am. V. Packaging Coordinators, Inc., No. 00-3231, 2000 WL 1586081, at *3 (E.D. Pa. Oct. 24, 2000). As set forth above, Quality

Food has presented a meritorious defense, and there is no evidence to suggest that it acted in bad faith or with willful misconduct. Therefore, no sanctions will be imposed.

After applying the facts of this case to the factors set out by the Third Circuit in <u>Emcasco</u>, as well as taking into consideration this Circuit's disfavor for default judgments and preference for deciding cases on the merits, the default judgment entered against Quality Food on October 29, 2007 will be set aside.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE RIBBON COMMODITY TRADERS, INC., | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 07-4037 |
| QUALITY FOODS DISTRIBUTORS, | |
| Defendant. | |

### ORDER

**AND NOW**, this 11th day of December, 2007, upon consideration of Defendant's Motion to Set Aside Order of Default and Default Judgment (Doc. No. 12), and the responses thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE