**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|                                          |   |                |
|------------------------------------------|---|----------------|
| BLUE RIBBON COMMODITY TRADERS, INC., | : | CIVIL ACTION |
|                                          | : |                |
| Plaintiff,                               | : |                |
|                                          | : |                |
| v.                                       | : | No. 07-4037    |
|                                          | : |                |
| QUALITY FOODS DISTRIBUTORS,              | : |                |
|                                          | : |                |
| Defendant.                               | : |                |

_____:

**<u>MEMORANDUM</u>**

**ROBERT F. KELLY, Sr. J.**                                   **JANUARY 31, 2008**

Presently before the Court is Defendant Quality Food Distributor, Inc.'s ("Quality Food")
Motion for Transfer of Venue, which seeks to transfer venue to the District of Puerto Rico
pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, Quality Food's Motion is
Denied, and the case shall remain in the Eastern District of Pennsylvania.

**I.      BACKGROUND**

Plaintiff Blue Ribbon Commodity Traders, Inc. ("Blue Ribbon") is a Pennsylvania
corporation with its principal place of business in Pennsylvania.  Quality Food is a corporation
organized under the laws of Puerto Rico, with its principal place of business in Puerto Rico.  On
September 26, 2007, Blue Ribbon filed a Complaint in this Court, seeking payment of
$164,981.46 for food products it allegedly sold and delivered to Quality Food from July 7, 2005
to November 20, 2006.  Quality Food filed a Motion Requesting Extension of Time to Answer
the Complaint and Request for Transfer of Venue on October 11, 2007.  On October 24, 2007,
this Court entered an Order striking Quality Food's Motion to Change Venue due to counsel's

failure to associate with local counsel in violation of Local Rule 83.5.2(b).  On December 17,

2007, Blue Ribbon filed an Amended Complaint, and Quality Food filed an Answer on

December 28, 2007.  Quality Food filed the present Motion for Transfer of Venue pursuant to 28

U.S.C. § 1404(a) on January 7, 2008, requesting that this Court transfer this action to the District

of Puerto Rico.

## II.    LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  28 U.S.C. § 1404(a) (West 2008).  "The decision to transfer

is in the court's discretion, but a transfer is not to be liberally granted."  Shutte v. ARMCO Steel

Corp., 431 F.2d 22, 25 (3d Cir. 1970).  "The idea behind § 1404(a) is that where a 'civil action'

to vindicate a wrong–however brought in a court–presents issues and requires witnesses that

make one District Court more convenient than another, the trial judge can, after findings, transfer

the whole action to the more convenient court."  Continental Grain Co. v. Barge FBL-585, 364

U.S. 19, 26 (1960).

In considering a motion to transfer under § 1404(a), courts do not limit their

consideration to the three factors enumerated in the statute, but instead "consider all relevant

factors to determine whether on balance the litigation would more conveniently proceed and the

interests of justice be better served by transfer to a different forum."  Jumara v. State Farm Ins.

Co., 55 F.3d 873, 879 (3d Cir. 1995).

> The private interests have included: plaintiff's forum preference as
> manifested in the original choice; defendant's preference; whether
> the claim arose elsewhere; the convenience of the parties as

2

indicated by their relative physical and financial condition; the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

The public interest factors have included: the enforceability of the judgment; practical considerations that could make trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80.

The moving party bears the burden of showing that transfer would be in the interest and convenience of the parties.  Because plaintiff's choice of forum is the "paramount consideration" in deciding a motion to transfer venue, "[u]nless the balance of factors is strongly in favor of the defendant, the plaintiff's choice of forum should prevail."  Shutte, 431 F. 2d at 25; see also Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 341 (E.D. Pa. 2001).

## II.    DISCUSSION

The burden is on the Defendant to demonstrate that the case would be more easily litigated in the transferee forum.  Quality Food advances several reasons in support of its motion to transfer: 1) the operative facts giving rise to the claim took place in Puerto Rico, in that Quality Food placed the orders in Puerto Rico and that all of the products were delivered there; 2) its witnesses are located in Puerto Rico; 3) its records and documents are located in Puerto Rico; 4) witnesses and documents located in Puerto Rico are outside this Court's subpoena power; 5) Puerto Rico's strong interest in litigating this case; 6) the existence of a case currently

3

pending in the District of Puerto Rico in which Blue Ribbon is a defendant.

While it is true that Quality Food ordered the food products from Puerto Rico and received delivery of the products in Puerto Rico, it is equally true that Blue Ribbon received and processed all orders within the Eastern District of Pennsylvania.  In addition, all of the disputed food products were sold and shipped from Pennsylvania, Blue Ribbon issued all invoices from its office in Pennsylvania, and Quality Food made payment for the products to Blue Ribbon's office in Pennsylvania.  Similarly, while it may be more convenient and less disruptive for Quality Food's witnesses if the case were heard in the District of Puerto Rico, this factor also does not weigh in Quality Food's favor.  Quality Food fails to establish how the convenience of its witnesses trumps that of Blue Ribbon's, all of whom are located within the Eastern District of Pennsylvania.  Under the private factors outlined in Jumara, the convenience of witnesses is a private factor for courts to consider only to the extent that such witnesses would be unavailable for trial if the case were not transferred.  Jumara, 55 F. 3d at 879.  Here, Quality Food alleges that it would be more convenient for its witnesses if the case were litigated in the District of Puerto Rico but does not allege that these witnesses would actually be unavailable for trial if the case were to remain in the Eastern District of Pennsylvania.

Furthermore, Quality Food argues that transfer is proper because all of its documentary evidence is located in Puerto Rico and that these records, along with its witnesses, would be outside the subpoena power of this Court if the case is not transferred.  However, this factor also does not weigh in favor of transfer where all of the documents could simply be sent to this district, and where Blue Ribbon would be faced with an identical burden if the case were transferred to Puerto Rico.  See York Paper Co. v. Hollinger Int'l, Inc., No. 03-687, 2003 WL

4

21295001, at *3 (E.D. Pa. Apr. 22, 2003).  Similarly, while some of Quality Food's witnesses may be outside the subpoena power of this Court, transferring the case to the District of Puerto Rico would create the same problem for Blue Ribbon, since all of its witnesses reside in Pennsylvania, and would, therefore, be outside the subpoena power of the district court in Puerto Rico.  See Id.  Transfer should not be granted where it "would merely shift the inconvenience from the defendant to the plaintiff."   Id. (citing Aquarium Pharmaceuticals, Inc., v. Indus. Pressing & Packaging, Inc., 358 F. Supp. 441, 446 (E.D. Pa. 1973).

Additionally, Quality Food points to Puerto Rico's strong interest in litigating this case as a factor weighing in favor of transfer.  It argues that because Quality Food is located in Puerto Rico, and the case concerns whether certain food products were delivered to Puerto Rico that Puerto Rico has an interest in litigating this case at home.  The Court finds that this interest does not weigh in favor of transfer to Puerto Rico because the Eastern District of Pennsylvania has at least an equal interest in litigating this case, given that Blue Ribbon is a Pennsylvania corporation, and a substantial portion of the facts giving rise to the claim took place within the Eastern District of Pennsylvania.  Finally, Quality Food asserts that the goal of judicial efficiency would be served by transferring this case to Puerto Rico because of an action currently pending against Blue Ribbon in the District of Puerto Rico.  However, that case involves a dispute between Blue Ribbon and an unrelated party, and therefore, does not warrant transfer of this case to the District of Puerto Rico.

Weighing the public and private factors presented by Quality Food, the Court finds that it has not met its burden in overcoming the paramount consideration of plaintiff's choice of forum and has failed to establish that the District of Puerto Rico would be a more convenient forum for

this case.  It is well-settled that "unless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail."  <u>Shutte</u>, 431 F. 2d at 25. Here, the public and private factors presented by Quality Food in support of transfer are, at best, equal to those factors presented by Blue Ribbon opposing transfer.  Given that transferring the case to Puerto Rico would simply shift the burden from Quality Food to Blue Ribbon and that Blue Ribbon has chosen this district as its forum, Quality Food's Motion to Transfer Venue is denied, and the case shall remain in the Eastern District of Pennsylvania.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| BLUE RIBBON COMMODITY TRADERS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 07-4037 |
| | : | |
| QUALITY FOODS DISTRIBUTORS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

**AND NOW**, this  31st  day of January, 2008, upon consideration of Defendant Quality

Food Distributor, Inc.'s Motion for Transfer of Venue (Doc. No. 22), and Plaintiff's response

thereto, it is hereby **ORDERED** that Defendant's Motion is **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly_____
ROBERT F. KELLY
SENIOR JUDGE